[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13415
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-02006-IPJ

JOY LYNETTE OWENS,

Plaintiff-Appellee,

versus

JACKSON COUNTY BOARD OF EDUCATION,

Defendant,

KENNETH HARDING,
in his official and individual capacities,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 31, 2014)

Before CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Kenneth Harding, the Superintendent for the Jackson County School District, appeals the district court's decision denying his motion for summary judgment based on qualified immunity. He contends that he should have been granted summary judgment on both the retaliation and discrimination claims brought against him under the Fourteenth Amendment's Equal Protection Clause.

I.

Viewing the evidence in the light most favorable to Joy Owens, the facts for present purposes are these. She has worked as a teacher in Alabama's Jackson County School District since 1988. From May 2010 to May 2012, she unsuccessfully applied for sixteen different administrative positions in the School District: seven as a school principal, six as an assistant principal, and three in supervisory roles at the central office. Fourteen of those sixteen positions were filled by men.[1] During that time, Harding voiced his belief that women should not be in administrative positions.

---

[1] As for the two women who were hired, Owens' brief points to evidence in the record suggesting that in both instances unusual circumstances overbore Harding's discriminatory attitude. According to an affidavit from a teacher familiar with the hiring of the first woman, Harding was going to hire a man, but a state senator personally lobbied Haring and persuaded him to hire the woman. The record indicates that the other woman was hired after Owens filed an EEOC charge. Owens argues in her brief that, based on the timing, it can be inferred that the woman was hired to minimize the appearance of discrimination if Owens filed a lawsuit.

Under Alabama law, the sixteen positions could not be filled until a candidate was nominated by Harding and appointed by the Jackson County Board of Education.  See Ala. Code § 16-12-16.  Harding used different methods for choosing his nominees.  For the seven principal positions, Harding had a committee system to help him make nominations.  Harding interviewed the candidates first, then the committee (whose members had been picked by Harding) interviewed the candidates.  Then Harding and the committee would discuss the candidates, and Harding would nominate one to the Board.  For the six assistant principal positions, Harding nominated whomever that school's principal recommended, though he and the principal conferred about which candidates the principal would interview before making a recommendation.  For the three central office positions, Harding selected the nominees himself.

Owens' lawsuit pleaded two claims.  Her first claim was against the Board under Title VII for gender discrimination and retaliation.  Her second claim was against the Board and Harding under 42 U.S.C. § 1983 for gender discrimination and retaliation in violation of her rights under the Equal Protection Clause of the Fourteenth Amendment.  The defendants filed a joint motion for summary judgment, arguing that there was insufficient evidence in the record to support any of Owens' claims of discrimination and retaliation.  In addition, Harding asserted an affirmative defense of qualified immunity.  The district court denied the motion

3

in its entirety.  This is Harding's interlocutory appeal from the denial of his motion

for summary judgment based on qualified immunity.  See 28 U.S.C. § 1291.

## II.

"We review de novo a district court's denial of summary judgment based on

qualified immunity, applying the same legal standards that governed the district

court."  Feliciano v. City of Miami Beach, 707 F.3d 1244, 1247 (11th Cir. 2013).

Defendants are entitled to summary judgment based on their qualified immunity

only if "the law preexisting the defendant official's supposedly wrongful act was

already established to such a high degree that every objectively reasonable official

standing in the defendant's place would be on notice that what the defendant

official was doing would be clearly unlawful given the circumstances."  Morton v.

Kirkwood, 707 F.3d 1276, 1280 (11th Cir. 2013) (quotation marks omitted).

## A.

Harding contends that the district court erred by denying summary judgment

on Owens' Fourteenth Amendment retaliation claim.  This Court has held that a

claim of gender-based retaliation "simply does not implicate the Equal Protection

Clause."  Watkins v. Bowden, 105 F.3d 1344, 1354 (11th Cir. 1997); see also

Ratliff v. DeKalb Cnty., Ga., 62 F.3d 338, 340 (11th Cir. 1995) ("[N]o clearly

established right exists under the equal protection clause to be free from

4

retaliation.").  As a result, Harding is entitled to summary judgment on Owens'

retaliation claim.

B.

Harding also contends that he should have been granted summary judgment

on Owens' discrimination claim.  He makes two arguments in support of that

contention.

First, Harding asserts that he chose his nominees for principal based on his

committees' recommendations and his nominees for assistant principal based on

his principals' recommendations, and therefore a reasonable official in his position

would not have thought his actions were unlawful.  Assuming that relying on those

recommendations would have been objectively reasonable, evidence in the record

creates a genuine issue of material fact as to whether Harding did rely on the

recommendations.  Owens points to evidence showing that:  (1) Harding would, in

his own words, "pray about" each decision and ultimately make it himself; (2)

Harding picked the committee members himself; and (3) Harding engaged in

activity that implied he had preselected the candidate he wanted for a job,

including lessening the job requirements so that the preselected candidate would be

qualified for the position and discouraging others from applying.  Because we must

view the evidence in the light most favorable to Owens and draw all inferences in

5

her favor, there is a genuine issue about whether Harding chose his nominees in the manner he claims.  He is not entitled to summary judgment on that ground.

Harding also argues that Owens failed to present evidence raising a genuine issue of material fact as to his discriminatory intent.[2]  She did.  The affidavit of Sheila Cornelison attested that Harding had told her on multiple occasions that: "he did not want females in administration positions," he thought "females do not make good administrators because they are too emotional and hardnosed," he believed "females don't have the personality and fortitude to be principals," and he "had a lot less problems out of the male principals."  That is sufficient evidence to permit Owens to survive summary judgment.

### III.

We REVERSE the district court's decision to deny summary judgment on Owens' retaliation claim against Harding, AFFIRM the district court's decision to deny summary judgment on Owens' discrimination claim against Harding, and REMAND for further proceedings consistent with this opinion.

**AFFIRMED in part; REVERSED in part; and REMANDED.**

---

[2] Owens argues that we lack jurisdiction to review this portion of Harding's appeal because he is simply second-guessing the district court's determination that there is sufficient evidence to survive summary judgment.  See generally Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151 (1995).  We do, however, have jurisdiction to decide this issue because it "is part and parcel of the qualified immunity inquiry, not a separate question."  Hartley v. Parnell, 193 F.3d 1263, 1271 (11th Cir. 1999).  More specifically, Harding's argument that Owens failed to present sufficient evidence that he had the discriminatory intent necessary to violate her equal protection rights is part and parcel of his qualified immunity defense.  See Mencer v. Hammonds, 134 F.3d 1066, 1070 (1998).